United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jeffrey Mallon,<br>Plaintiff,<br><br>v.<br><br>Robert Belanger, et. al.,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 22-14399-Scola<br>)<br>) |

## **Order**

Before the Court is Plaintiff Jeffrey Mallon's *pro se* Complaint under 42 U.S.C. § 1983 ("Complaint") (ECF No. 1). Mallon also filed, what the Court construes as, a Motion to Proceed *in forma pauperis*. ("IFP Motion") (ECF No. 3). Therein, Mallon requests that the Court call his mother to request payment of the $402 filing fee. (*See id.* at 1). For the following reasons, the Complaint is dismissed with prejudice under the "three-strikes" provision of 28 U.S.C. § 1915(g) and the IFP Motion is denied as moot.

### **Legal Standards**

When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions of 28 U.S.C. § 1915(g)—also known as the "three strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court may also consider the merits to dismiss the case with prejudice instead."). The three-striker cannot pay the filing fee *after* he has initiated the suit to cure his failure to pay said fee *at the time* he initiated the suit. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). The "three-strikes provision" reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

As noted, § 1915(g) contains an exception for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Under § 1915(g), courts must "look to the prisoner's complaint 'as a whole,' construing it liberally and accepting his allegations as true." *Smith v. Clemons*, 465 F. App'x 835, 836 (11th Cir. 2012) (per curiam) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). However, vague and conclusory allegations of being in imminent danger of serious physical injury "do not satisfy the dictates of § 1915(g)." *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (per curiam). Furthermore, the prisoner "must be under imminent danger of serious physical injury[] . . . at the time he filed his complaint[]." *Clemons*, 465 F. App'x at 836 (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)).

**Discussion**

In his rambling and largely incomprehensible Complaint, Mallon asserts, without providing reason, that his "due process rights were violated." Complaint at 2. He continues to attack the sufficiency of the State's evidence against him, *see id.* at 3–4 ("At this point the evidence is insufficient to warrant a conviction."), he asserts that he was forced "to accept against his will a court-appointed Assistant Public Defender" depriving him of the right to self-representation, *id.* at 8–9, and he concludes by announcing that "cruel and unusual punishment is an issue" due to past detainee batteries against him, *id.* at 9.

Because Mallon has not paid the filing fee and requests to proceed IFP, § 1915 requires the Court to determine whether, "on 3 or more occasions, while incarcerated or detained in any facility, [Mallon] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). The answer is yes.

Mallon is a serial filer in our Court. Judge Altman's December 5, 2022 Order provides a detailed recounting of Mallon's history. *See Mallon v. St. Lucie County*, No. 22-14396-CIV (S.D. Fla. Dec. 5, 2022) (Altman, R), ECF No. 4 at 9 (dismissing the complaint with prejudice as "frivolous, malicious, and an abuse of the judicial process.").

In addition to the "strike" incurred from Judge Altman's recent order, Mallon has three additional § 1983 complaints that were dismissed because they "fail[ed] to state a claim upon which relief can be granted." 28 U.S.C. § 1915(g). Chief Judge Altonaga, dismissed two of Mallon's complaints after finding that Mallon had failed to state a plausible claim. *See* Order Dismissing Complaint, *Mallon v. Badger*, No. 21-14026-CIV (S.D. Fla. Jan. 20, 2021) (Altonaga, J.), ECF No. 4 at 1 ("Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted."); Order Dismissing Complaint, *Mallon v. Florida*, No. 22-14033-CIV (S.D. Fla. Jan. 27, 2022) (Altonaga, C.J.), ECF No. 4 at 1 ("Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted."). And Judge Dimitrouleas dismissed one of Mallon's complaints *both* because it was "frivolous" *and* because it failed "to state a claim upon which relief can be granted." Order on Screening, *Mallon v. Florida*, No. 22-14084-CIV (S.D. Fla. Mar. 10, 2022) (Dimitrouleas, J.), ECF No. 4 at 7.

Because all four of these complaints—all filed while Mallon was incarcerated—"were dismissed for failure to state a claim," or as "frivolous, malicious, and an abuse of the judicial process," Mallon has four strikes and is "barred from proceeding IFP[.]" *Mitchell v. Nobles*, 873 F.3d 869, 873–74 (11th Cir. 2017) (citing 28 U.S.C. § 1915(g)).

Mallon could avoid the three-strikes label by alleging that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mallon does

not try to qualify for this exception. *See generally* Complaint. At most, he complains about past detainee batteries, but he does not allege any imminent or ongoing danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Thus, the imminent-danger exception does not apply. *See Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (Zloch, J.) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Accordingly, Mallon is subject to the three-strikes rule—and because he failed to pay the filing fee, his Complaint must be dismissed. *See White*, 947 F.3d at 1377 ("We have construed this language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began.").

Moreover, the Court finds that Mallon's Complaint is frivolous, malicious, and an abuse of the judicial process and should therefore be dismissed *with prejudice*. *See White*, 947 F.3d at 1379 ("So though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead."). A "duplicative complaint" represents an "abuse of the judicial process" and can be "properly dismissed as frivolous or malicious." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."). The Eleventh Circuit has consistently affirmed the *with*-prejudice dismissal of frivolous and malicious § 1983 complaints. *See, e.g., Broner v. Wash. Mut. Bank, F.A.*, 258 F. App'x 254, 256–57 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in finding her complaint frivolous and did not err in finding that it failed to state a claim. Accordingly, her complaint was properly dismissed with prejudice, pursuant to § 1915(e)(2)."); *Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) ("We agree that Plaintiff's suit is frivolous and should be dismissed with prejudice.").

> As explained in Judge Altman's recent order:
>
> Mallon has filed *at least ten other cases* in our Court since 2020—all of which raised the same general complaints about the constitutionality of his detention in the St. Lucie County Jail. And all of these have been dismissed for one or more of the following reasons: because they failed to state a viable claim, because they were frivolous, because their claims were barred by the *Younger* abstention doctrine, or because Mallon failed to exhaust his administrative remedies.

*Mallon v. St. Lucie County*, No. 22-14396-CIV (S.D. Fla. Dec. 5, 2022) (Altman, R), ECF No. 4 at 7–8. The present Complaint marks Mallon's eleventh frivolous case in our Court containing "claims duplicative of claims he had already asserted." *Daker*, 999 F.3d at 1310. As such, dismissal with prejudice is appropriate.[1]

### Conclusion

Accordingly, it is **ordered and adjudged** that this action is **dismissed with prejudice** as frivolous, malicious, and an abuse of the judicial process. The clerk is **directed** to close the case and all pending motions are **denied** as moot.

**Done and ordered**, in chambers, in Miami, Florida, on December 6, 2022.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Jeffrey W. Mallon
37449
St. Lucie County Jail
Inmate Mail/Parcels

---

[1] Mallon is also warned that if he continues to submit abusive and frivolous *filings*, the Court will not hesitate to sanction him—including with monetary sanctions. *Cf. Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) ("[Mallon] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *Roggio v. United States*, 2013 WL 12176990, at *2 (S.D. Fla. Apr. 10, 2013) (Goodman, Mag. J.) ("Because Roggio is abusing the reconsideration motion mechanism, any future, any future violations may lead to an award of sanctions, including costs, attorney's fees, and/or other monetary or non-monetary sanctions, against him.").

900 North Rock Road
Fort Pierce, FL 34945
PRO SE